# IN THE

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

## No. 24-20521

### consolidated with

---

## No. 25-20038

Kedric Crawford,

*Plaintiff - Appellant*

v.

Bryce Perkins; Nathaniel Brown; Alyssa McDaniel; Ivan Martinez; Bret Rasch; Kevin Dunlap; Shane Michael Dunlap; Keith Dougherty; Ed Gonzalez, Sheriff; Harris County; Laxman Sundar; City of Baytown, Texas; Samuel Serrett,

*Defendants - Appellees*

---

### On Appeal from
United States District Court for the Southern District of Texas

4:20-CV-3003

---

## BRIEF OF APPELLANT KEDRIC CRAWFORD

---

SUBMITTED BY:

U.A. A. Lewis
Lewis Law Group, P.L.L.C.
P.O. Box 27353
Houston, TX 77227

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Cɪʀ Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| Nathaniel Brown | William Helfand of Lewis, Brisbois, Bisgaard & Smith, L.L.P. Houston, TX |
| City of Baytown, Texas | Steven Selbe of Gordon Rees Scully Mansukhani, L.L.P. Houston, TX |
| Keith Dougherty | Steven Selbe of Gordon Rees Scully Mansukhani, L.L.P. Houston, TX |
| Kevin Dunlap | Steven Selbe of Gordon Rees Scully Mansukhani, L.L.P. Houston, TX |
| Shane Dunlap | Steven Selbe of Gordon Rees Scully Mansukhani, L.L.P. Houston, TX |
| Ed Gonzalez | Seth Hopkins of Harris County Attorney's Office Houston, TX |
| Ed Gonzalez | James Butt of Harris County Attorney's Office Houston, TX |
| Harris County | Seth Hopkins of Harris County Attorney's Office Houston, TX |
| Ivan Martinez | Steven Selbe of Gordon Rees Scully Mansukhani, L.L.P. Houston, TX |
| Alyssa McDaniel | Steven Selbe of Gordon Rees Scully Mansukhani, L.L.P. Houston, TX |

| Bryce Perkins | Steven Selbe of Gordon Rees Scully Mansukhani, L.L.P. Houston, TX |
| Bret Rasch | Steven Selbe of Gordon Rees Scully Mansukhani, L.L.P. Houston, TX |
| Laxman Sundar | Seth Hopkins of Harris County Attorney's Office Houston, TX |
| Laxman Sundar | James Butt of Harris County Attorney's Office Houston, TX |

| Appellants: | Counsel for Appellants: |
| --- | --- |
| Kedric Crawford | U.A. Lewis of Lewis Law Group, P.L.L.C. Houston, TX |

**/U. A. Lewis**
Attorney of record for Kendric Crawford

## **STATEMENT REGARDING ORAL ARGUMENT**

Appellant respectfully requests oral argument. This case presents complex factual allegations and procedural history involving multiple constitutional claims, municipal liability under Monell, and the interplay of service-related rulings and substantive dismissals under Rule 12(b)(6). Given the number of defendants, the volume of factual pleadings, and the pattern-of-practice allegations against the City of Baytown and Harris County, oral argument would aid the Court in resolving the legal and factual nuances at issue. The Court's guidance would also be beneficial in clarifying the threshold pleading requirements in § 1983 claims involving systemic misconduct and repeated constitutional violations.

# TABLE OF CONTENTS

Contents                                                                    Page(s)

**CERTIFICATE OF INTERESTED PERSONS**.................................................3

**STATEMENT REGARDING ORAL ARGUMENT**......................................... 5

**TABLE OF CONTENTS**............................................................ 6

**TABLE OF AUTHORITIES**........................................................7

**JURISDICTIONAL STATEMENT**....................................................9

**STATEMENT OF THE ISSUES**.......................................................9

**STATEMENT OF THE CASE**.......................................................11

**STANDARD OF REVIEW**.........................................................15

**SUMMARY OF THE ARGUMENT**.............................................. 17

**ARGUMENT**....................................................................19

    The District Court Abused Its Discretion Under Rule 4(m)....................................19

    The District Court's Order Denying Leave to Amend Misapplied the
Excusable-Neglect Standard................................................... 20

    Minimal delay and zero prejudice complained by Appellees.................................... 22

    No consideration of lesser sanctions................................................... 22

    Dismissal Functioned as a Dismissal With Prejudice and Requires Heightened
Review................................................................ 25

    Crawford Adequately Pleaded a Denial of Medical Care in Violation of the
Fourteenth Amendment Against Harris County......................................... 28

    The District Court's Dismissal of Claims Against the City of Baytown Was Based
on a Misapplication of Pleading Standards................................................31

    Plead Facts Established a Widespread Pattern of Deliberate Indifference.............. 33

    Baytown's Failure to Train and Supervise Supports Liability..................................... 34

    Leave to Amend Should have Been Granted under 15(a)(2)...................................35

**Cases**

| | Page(s) |
|---|---|
| *Ashe v. Corley, 992 F.2d 540 (5th Cir. 1993)* | 31 |
| Balle v. Nueces County, Texas, 690 F. App'x 847 (5th Cir. 2017) | 28 |
| *Barnes v. Tumlinson, 597 F. App'x 798 (5th Cir. 2015)* | 25,29 |
| Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333 (11th Cir. 2005) | 26,29 |
| Berry v. CIGNA, 975 F.2d 1188 (5th Cir. 1992) | 30 |
| *Bond v. Nueces County, No. 20-40050, 2022 U.S. App. LEXIS 27460 (5th Cir. Sept. 30, 2022)* | 11,16, 18 |
| Bowling v. Hasbro, Inc., 403 F.3d 1373 (11th Cir. 2005) | 17 |
| *Brown v. Bryan County, 219 F.3d 450 (5th Cir. 2000)* | 21 |
| Brown v. Thompson, 430 F.2d 1214 (5th Cir. 1970) | 26 |
| Collins v. Morgan Stanley Dean Witter, 224 F.3d 496 (5th Cir. 2000) | 17 |
| *Coleman v. Sweetin, 745 F.3d 756 (5th Cir. 2014)* | 24,25 |
| *Durham v. Florida E. C. R. Co., 385 F.2d 366 (5th Cir. 1967)* | 21 |
| Foman v. Davis, 371 U.S. 178 (1962) | 26,29, |
| Gillespie v. B L Development Corp., 67 Fed. Appx. 243 (5th Cir. 2003) | 27 |
| Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985) | 16,25, 28, |
| *Groden v. City of Dallas, 826 F.3d 280 (5th Cir. 2016)* | 11,16, 17,24 |
| *Haynes v. Turner Bass & Assocs., No. 20-40787, 2022 U.S. App. LEXIS 18359 (5th Cir. July 1, 2022) (per curiam)* | 22 |
| Johnson v. City of Shelby, 574 U.S. 10 (2014) | 27,30 |

*Leatherman v. Tarrant County Narcotics Intelligence & Coord. Unit, 507 U.S. 163* (1993) — 17

*McNeal v. Papasan, 842 F.2d 787 (5th Cir. 1988)* — 28

*Millan v. USAA Gen. Indem. Co., 546 F.3d 321 (5th Cir. 2008)* — 21,24, 25,

Peterson v. City of Fort Worth, 588 F.3d 838 (5th Cir. 2009) — 16,26, 29,

Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380 (1993) — 31

Porter v. Beaumont Enterprise & Journal, 743 F.2d 269 (5th Cir. 1984) — 28,29

*Ratliff v. Aransas County, Texas, 948 F.3d 281 (5th Cir. 2020)* — 26,29

Sanchez v. Young County, Texas, 956 F.3d 785 (5th Cir. 2020) — 21, 25

*Schaefer v. Whitted, 121 F. Supp. 3d 701 (W.D. Tex. 2015)* — 11,16, 18,20, 22, 24

Sealed Appellant, 452 F.3d 415 (5th Cir. 2006) — 15, 28

*Ashe v. Corley, 992 F.2d 540 (5th Cir. 1993)* — 22,23, 24

**Rules & Statutes**

Fed. R. Civ. P. 4(m) — 14,16, 18, 20

Fed. R. Civ. P. 41(b) — 24,29

Fed. R. Civ. P. 6(b) — 17,21

Fed. R. Civ. P. 15(a)(2) — 17,36

Fed. R. Civ. P. 12(b)(6) — 17,19, 34

Fed. R. Civ. P. 8(a)(2) — 32

Fed. R. Civ. P. 12(b)(1)                                                          17

42 U.S.C. § 1983                                                                  17,  19,
                                                                                 24, 36

## JURISDICTIONAL STATEMENT

This Court has jurisdiction under 28 U.S.C. § 1291. On May 15, 2024, the district court issued a final order dismissing several of Plaintiff Kedric Crawford's claims with prejudice. The dismissal fully resolved those claims, and Plaintiff timely filed a notice of appeal under the Federal Rules of Appellate Procedure. Jurisdiction in this Court is proper.

## STATEMENT OF THE ISSUES

1. Whether the district court erred in dismissing Plaintiff's claims with prejudice under Federal Rule of Civil Procedure 4(m) despite Plaintiff not being personally responsible for the delay in service; All Defendants ultimately receiving service and having notice; No demonstrated or alleged prejudice to Defendants from the delay; and statute of limitations barring re-filing.

2. Whether the district court abused its discretion by failing to grant an extension of time for service despite Plaintiff counsel's diligence, good faith efforts and reasonable basis for delay.

3. Whether the district court failed to apply the heightened scrutiny required for dismissals that effectively function as dismissals with prejudice.

4. Whether the district court erred in dismissing Appellant's 42 U.S.C. §1983 claims against Harris County, Ed Gonzalez, and Dr. Laxman Sundar for denial of medical care under the Fourteenth Amendment.

5. Whether Appellant sufficiently pleaded a Monell claim by alleging a pattern or custom of deliberate indifference to medical needs at the Harris County Jail given its decade long history of constitutional violations.

6. Whether Crawford plausibly alleged that Baytown maintained a pattern and practice of excessive force, failed to supervise or train on the constitutional limits of the use of excessive force, probable cause for arrest, duty to intervene, and ratified known misconduct, thereby establishing municipal liability under 42 U.S.C. §1983.

## STATEMENT OF THE CASE

This case arises from the indefensible conduct of Baytown police officers Teddy Sims and Samuel Serrett, joined by a civilian ride-along, off-duty jailer Shane Michael Dunlap, who participated in a violent and unjustified assault on Mr. Crawford. ROA.417. Additional officers, including Alyssa McDaniel, Sgt. Ivan Martinez, Bryce Perkins, and Brett Rasch, arrived on scene and, rather than intervene, aided and abetted the excessive force or stood by in deliberate indifference. ROA.422. The incident was followed by false arrest, the fabrication of evidence, and a coordinated effort to conceal the misconduct, facilitated by a culture of impunity perpetuated by the City of Baytown and its police chief and policymaker, Keith Dougherty, who failed to supervise, discipline, train, or investigate the officers involved. ROA.442.

Plaintiff initiated this civil rights case under 42 U.S.C. § 1983 after suffering a brutal and unlawful arrest and beating by officers and officials from Baytown and Harris County. While stopped in a parking lot on July 6, 2019, Plaintiff was approached, detained without cause, physically assaulted, and falsely charged with assaulting an officer. Multiple officers involved in the assault were subsequently indicted by a Harris County grand jury. ROA.425.

Plaintiff's pleadings detailed claims for excessive force, unlawful detention, municipal liability, failure to provide medical care, and other constitutional violations. Despite these serious allegations, the district court dismissed claims against several

defendants for allegedly untimely service,ignoring the fact that most were served within 3 to 45 days after the deadline.ROA.1060,1071. None of the defendants alleged prejudice.ROA.1071. Plaintiff's attempts to cure service and amend his complaint were denied.ROA.232.

A critical procedural fact is that the identity of Shane Dunlap,the unlicensed civilian ride-along who participated in the assault, was withheld for nearly six months.ROA.247. The City of Baytown and its officers misrepresented or omitted his identity until disclosure was ordered by the court.ROA.231. This concealment substantially impaired Plaintiff's ability to assert appropriate claims, and serve with process.ROA.232.

Additionally, the City of Baytown was never dismissed from the case but remained as an "Interested Party." ROA.352. The district court specifically acknowledged "Because it is obliged to defend its officers, the City will remain in the case as an interested party Baytown's ongoing duty to its officers and affirmed that the city should remain an active party. ROA.352. Given Baytown's central role and potential Monell liability, dismissing individually named officers,who were served and closely tied to the city's conduct, further underscores the inconsistency in the District Court's rulings of dismissal for untimely service.ROA.1060-1070.

### The Case Stayed for Nearly Two Years

Criminal charges were brought against Appellees, Teddy Sims, Samuel Serrett, and Shane Dunlap by a Harris County Texas grand jury. ROA.425. As a result the

case was stayed from July 2021 until December 14, 2024, when the Baytown officers agreed to surrender their badges and never work as law enforcement in Texas again. ROA.1899.

After the case was reopened before Judge Tipton, Plaintiff submitted a Second Amended Complaint. Nevertheless, the district court reaffirmed the earlier dismissals without engaging with the discretionary authority granted by Rule 4(m) or acknowledging the controlling Fifth Circuit precedent.

Although claims involving Defendant Teddy Sims remain pending in the district court and he is not a party to this appeal, Appellant notes for the record that he disputes the dismissal Crawford's Fourteenth Amendment, conspiracy of silence and false-evidence, and false imprisonment claims against Sims for failure to state a claim, including but not limited to claims for supervisory liability and false arrest. Appellant reserves the right to raise these issues on appeal following resolution of the remaining district court proceedings.

### *Service on City of Baytown*

City of Baytown, was never dismissed from the case. ROA.352.  "The City," is noted by the court that it must be served on one of its executive officers authorized by law. The district court concluded that the City of Baytown's service was signed for by "X Love" who is not one of the authorized officers.ROA.1016. However, as argued below, there is no evidence of who the officers are or if the individual who signed with the signature "X Love" was not one of the executive officers although it

is undisputed that the return states it was signed by "X Love."ROA.1338. There is no argument that could be made against the fact. The City of Baytown is the only defendant that alleged to not have been served after it was added back to the case after initial service, and it remained in the case and never dismissed, each of the others do not deny service rather rest on curable procedural deficiencies, *ie.* served by failure to obtain FedEx signature, served but after 90 days. Not a single defendant-appellee alleged any prejudice.ROA.513-523,528-584, 595-699, 982-989.

On July 7, 2019, Kedric Crawford's serious facial and neurological injuries following a violent arrest and release from Ben Taub Hospital then transferred to the Harris County Jail.ROA.437, 454-55. He remained for several days without receiving basic medical treatment for his injuries despite multiple requests.ROA.455. He went ignored and received no treatment whatsoever at the jail.ROA.455. Crawford filed suit under §1983, alleging that Harris County, Sheriff Gonzalez, and Jail Medical Administrator Dr. Sundar violated his constitutional rights by denying him necessary medical care.ROA.454-455.

Appellant supported these claims with detailed factual allegations, including injuries sustained, lack of treatment, and the existence of longstanding constitutional violations previously acknowledged in a 2009 DOJ Memorandum that resulted in DOJ oversight of Harris County until 2019.ROA455-458. He further pleaded that the defendants were aware of the risks and failed to take remedial action. Laxman admits to receiving service of the complaint but complains there was no signature and it was

left at his front door. He does not state that he did not receive it or refused to accept it. FRCP Rule 4(e)(2)(B) allows for such service "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed Rules Civ Proc R 4

Nevertheless, the district court dismissed the claims, finding them to be conclusory and insufficient under *Iqbal* and *Twombly* standards although the heightened standard does not apply to municipality claims. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* U.S. , 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).*Ratliff v. Aransas Cty., Tex.*, 948 F.3d 281, 284 (5th Cir. 2020).

## STANDARD OF REVIEW

This Court reviews a district court's dismissal under Federal Rule of Civil Procedure 4(m) for abuse of discretion. However, when the dismissal effectively acts as one with prejudice due to the expiration of the statute of limitations, the Court applies a heightened standard of scrutiny *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008); *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014).

Dismissals with prejudice are reviewed closely, as they deprive litigants of the opportunity to present their claims. Reversal is warranted only where there is no clear record of delay or contumacious conduct by the plaintiff, and a lesser sanction would better serve the interests of justice *Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th

Cir. 2013). The Court generally looks for aggravating factors such as (1) intentional delay by the plaintiff, (2) prejudice to the defendant, or (3) delay longer than just a few months and marked by significant periods of total inactivity.

Similarly, the denial of an extension under Rule 6(b) for excusable neglect is reviewed for abuse of discretion, guided by the four Pioneer factors: prejudice, length of delay, reason for delay, and good faith *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993).

The district court's denial of leave to amend under Rule 15(a)(2) is also reviewed for abuse of discretion. Leave should be freely given unless there is undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Finally, this Court reviews a district court's dismissal under Rule 12(b)(6), de novo, accepting all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiff. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

## SUMMARY OF THE ARGUMENT

The district court's dismissal of claims with prejudice under Rule 4(m) contravenes well-established Fifth Circuit precedent. Courts may only apply this sanction when there is a clear record of delay, willful misconduct by the plaintiff, or when lesser sanctions would not serve the interests of justice.

The Fifth Circuit has emphasized that dismissals with prejudice must be supported by aggravating factors: misconduct by the plaintiff (not counsel), actual prejudice to defendants, or intentional delay *Millan v. USAA Gen. Indem. Co.,* 546 F.3d 321 (5th Cir. 2008); *Thrasher v. City of Amarillo,* 709 F.3d 509 (5th Cir. 2013); *Coleman v. Sweetin,* 745 F.3d 756 (5th Cir. 2014).

No such factors were present here. Plaintiff was diligent, delays were minimal, all defendants received notice, and none were prejudiced. The court neither conducted a show-cause hearing nor considered lesser remedies.

The district court erred in dismissing Crawford's claims for denial of medical care against the Harris County Defendants. Crawford adequately pleaded a plausible claim for relief by alleging facts showing deliberate indifference to serious medical needs while he was in the care of Harris County. The complaint provided sufficient detail to support a Monell claim against Harris County and demonstrated Gonzalez and Sundar's knowledge of and acquiescence in an unconstitutional pattern of medical

neglect.ROA.232. Dismissal at the Rule 12(b)(6) stage ignored the liberal pleading standard and failed to draw reasonable inferences in the plaintiff's favor. Moreover, denying relief based on a perceived lack of specificity disregarded the context: Crawford had no access to discovery and relied on publicly available government investigations and personal experience. ROA.361. Laxman Sundar

On July 6, 2019, Kedric Crawford pulled into an H-E-B parking lot in Baytown, Texas. After speaking with officers and consenting to a vehicle search, Officer Teddy Sims, without legal justification, began arresting Crawford. The arrest rapidly escalated into a violent assault involving multiple officers, including Samuel Serrett and a civilian ride-along, Shane Michael Dunlap. Additional officers later joined, including Alyssa McDaniel, Sgt. Ivan Martinez, Bryce Perkins, and Brett Rasch, all of whom either participated in the attack or failed to intervene.

Crawford was hospitalized with significant injuries, then jailed. The charges were later dropped. He filed suit against the City of Baytown and Chief Keith Dougherty under 42 U.S.C. §1983, alleging a Monell claim based on a pattern of excessive force, failure to discipline or train officers, and ratification of constitutional misconduct. The district court dismissed these claims under Rule 12(b)(6).

The district court improperly dismissed Crawford's constitutional claims against the City of Baytown.ROA.1071. Crawford pleaded sufficient factual allegations to

state a plausible Monell claim. These include a violent and unjustified use of force by multiple officers, similar prior incidents involving the same officers, well-documented failures by the City to investigate, train, or discipline officers for excessive force, a pattern of unlawful conduct documented by other Baytown incidents involving civilians who were tasered, beaten, or arrested without justification.ROA.439.

Under Monell, municipal liability attaches where a constitutional violation results from an official policy or custom. Crawford pleaded facts showing that such a custom existed in Baytown and was the moving force behind his injuries. Dismissal at the pleading stage was premature.ROA.439.

The denial of Plaintiff's motion to amend further compounded the error. Rule 15(a) favors liberal amendment, particularly when amendment would not prejudice the opposing party.

## ARGUMENT

### *The District Court Abused Its Discretion Under Rule 4(m)*

There was no extension to serve appellees provided to Appellant after the 90 day deadline to serve had expired. Rule 4(m) allows a court to extend the time for service, even when good cause is not formally established. In *Winters*, the Fifth Circuit held that courts should grant extensions when there is a good faith attempt

and a reasonable basis for delay. Here, service was completed soon after the deadline and most were completed before the request for extension was even requested. There was no consideration in the delay that was a result of intentional concealment of parties' identities and administrative complications, not bad faith or neglect. Specifically, Shane Dunlap who had been misidentified as Kevin Dunlap for nearly a year. 1966

The record does not support any finding of contumacious conduct. Plaintiff made timely efforts and followed up with motions to amend and clarify service.ROA.232.The refusal to acknowledge these efforts or exercise the court's discretionary power constitutes reversible error.

### *The District Court's Order Denying Leave to Amend Misapplied the Excusable‑Neglect Standard*

The district court's November 10, 2021 order denying an extension to complete service portrays a "pattern of neglect" and concludes that counsel's calendaring error was "flimsy." That analysis misapplies both Rule 6(b)'s excusable‑neglect test and controlling Fifth Circuit precedent.ROA.734. The order by the district court only illuminates counsel's prior conduct without showing it was intentional, the conduct had nothing to do with service, no actual prejudice to defendants was determined and not a shred of conduct indicated by the plaintiff himself. "[T]his Court has affirmed dismissals with prejudice, it has generally found

at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Thrasher v. City of Amarillo,* 709 F.3d 509, 514 (5th Cir. 2013), *Gray v. Fid. Acceptance Corp.,* 634 F.2d 226, 227 (5th Cir. 1981) (quoting *Durham v. Florida E. C. R. Co..,* 385 F.2d 366, 368 (5th Cir. 1967), and *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970)).

Good-faith error, not contumacious conduct is what occurred here. The calendaring mistake by the staff of counsel stemmed from reasonable (albeit mistaken) interpretation of the electronic docket, compounded by pandemic-related scheduling upheavals and the unusual step of concealing ride-along Shane Dunlap's identity for nearly six months. ROA.247. This occurred during the height of COVID-19 there were major staffing changes and individuals with less oversight working from home. The new and unprecedented management of employees remotely played a role in the calendering mistake also. This stands in stark contrast to *Porter v. Beaumont Enterprise & Journal*, 743 F.2d 269 (5th Cir. 1984), where the plaintiff took no action for nine months after learning service had failed. Here, counsel attempted multiple serves within the 90-day window and completed service 3–45 days late, conduct the Fifth Circuit deemed non-contumacious in *Millan v. USAA*, 546 F.3d 321, 327 (2008).

22

***Minimal delay and zero prejudice complained by Appellees.***

The delay was weeks, not the "almost 600 days" at issue in *Sealed Appellant,* 452 F.3d 415 (5th Cir. 2006). During that brief period, Defendants already had actual notice through overlapping counsel, internal investigations, and pending indictments.

The district court's assertion that media coverage is not "legal notice" attacks a strawman Appellant invoked notice only to show the absence of prejudice, not to satisfy service itself. Under P*ioneer Inv. Servs. v. Brunswick,* 507 U.S. 380, 395 (1993), lack of prejudice weighs heavily in favor of extension. *In this case, the Appellees' never alleged any prejudice* merely complained about the expiration of deadlines under Rule 4m..

Reason for delay outweighed by unique case complexity. The order faults counsel for being simply "too busy," yet ignores (a) ongoing grand-jury proceedings, (b) pandemic court disruptions, and (c) the court's own multiple stays and administrative closures. These factors mirror the "reasonable basis" for delay accepted in *Winters v. Teledyne,* 776 F.2d 1304, 1306 (5th Cir. 1985).

***No consideration of lesser sanctions.***

The district court leapt to dismissal without exploring lesser remedies, contrary to *Thrasher v. City of Amarillo,* 709 F.3d 509, 513 (5th Cir. 2013) (requiring exploration of lesser sanctions when dismissal acts with prejudice). Mischaracterization of a "pattern." Nearly every cited "missed deadline" was either cured within weeks or arose from the court's own extensions and stays. Labeling these episodes a year-long

pattern elevates form over substance and contradicts *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988) (requiring "significant periods of total inactivity," not diligent corrective action), and had nothing to do with the Plaintiff's conduct in serving the defendants. Dismissal with prejudice is unduly harsh because the Plaintiff bore no responsibility for the delayed service. Federal Rule of Civil Procedure 4(m) prescribes that, at most, a court may dismiss without prejudice for failure to serve, and it must consider lesser sanctions before imposing the ultimate penalty. Courts have repeatedly held that sua sponte dismissal with prejudice under Rule 41(b) is an abuse of discretion unless a party has acted willfully or in flagrant disregard of court rules and only after finding that lesser measures would be ineffective. For example, in *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1338–39, 19 Fla. L. Weekly Fed. C 132, 2006 A.M.C. 13 (11th Cir. 2005), the Eleventh Circuit reversed a dismissal with prejudice where the charterer's failure to answer did not reflect contumacious conduct, lesser sanctions were available under Rule 4(m), and the court already had jurisdiction over the vessel. Likewise, in *Bowling v. Hasbro, Inc.*, 403 F.3d 1373, 1374 (11th Cir. 2005), the court held that a warning of dismissal under Rule 4(m) alone does not place a party on notice that a dismissal with prejudice is possible, and that dismissal without prejudice is the proper remedy unless the plaintiff's conduct is particularly egregious.

Because the district court's order failed to apply the excusable-neglect factors and ignored controlling precedent, its resulting dismissal with prejudice was an abuse of discretion that independently warrants reversal.ROA. 734, 1060-1070.

**There is no pattern of neglect *in seeking service* of any of the twelve Appellees in this case.**

Each was served with the First Amended Complaint; this is not a case where the Appellant never attempted service and simply needs more time. As recognized by the district court "all 13 defendants were served late," ROA.1061. Although, not exactly accurate, Baytown had already been served and never fully dismissed from the suit, "Because it is obliged to defend its officers, the City will remain in the case as an interested party." This further supports a lack of prejudice.ROA.9, 352. Instead, the Appellant sought an extension to cure service effected after the 90-day deadline. If that extension is denied, the proper remedy is dismissal without prejudice. In any event, all twelve "dismissed" defendants were served, albeit some after the 90-day period, and thus had actual notice of the suit.

Baytown's argument that service failed because the return was signed "Love X" overlooks Texas law's emphasis on intent over form. Texas courts have long held that a signature may consist of initials, a typed name, or even an "X" mark, provided the signer intended to authenticate the document. *Fulshear v. Randon*, 18 Tex. 275; *Crawford*

*v. State,* 31 Tex. Crim. 51. The Texas Uniform Electronic Transactions Act similarly recognizes an electronic signature—defined as any electronic sound, symbol, or process attached to a record with intent to sign, as valid (Tex. Bus. & Com. Code § 322.007; *Tex. Gov't Code § 2054.060*; *Perdido Props. LLC v. Devon Energy Prod. Co., L.P., 669 S.W.3d 535*. There is no requirement that a signature appear in a particular location; any mark placed on the document with the intent to authenticate is sufficient. Tex. Bus. & Com. Code § 3.401. Accordingly, the "Love X" mark qualifies as a legally effective signature so long as it reflects the signer's intent.

### *Dismissal Functioned as a Dismissal With Prejudice and Requires Heightened Review*

Because limitations had expired, Plaintiff cannot refile the dismissed claims. Dismissal therefore functioned as one with prejudice and is subject to stricter scrutiny *Millan*, 546 F.3d at 326; *Thrasher*, 709 F.3d at 513. The Fifth Circuit permits such outcomes only when supported by aggravating factors,none of which were shown here.

In fact, Plaintiff's conduct was significantly more diligent than that in *Millan*, where dismissal was reversed after service was completed only four days late. Crawford's service efforts spanned a slightly shorter window for some and slightly longer window for others but involved more complicated circumstances to support

tolling, including concealed identities and ongoing efforts. A severe sanction was not warranted.

In its denial of leave to serve, The district court cites *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1034, 1036 (5th Cir. 1985), *Gillespie v. B L Development Corp.,* 67 Fed. Appx. 243, at 1-2 (5th Cir. 2003), and *Porter v. Beaumont Enterprise and Journal,* 743 F.2d 269, 272 (5th Cir. 1984).


In *Porter*, the plaintiff filed suit on March 22, 1982, and sought service on defendants through the United States Marshal, which was never effected because the plaintiff's attorney did not pay the service fee deposit, and the Marshal returned the process as unexecuted on June 30, 1982. After the unexecuted return of service, the plaintiff's attorney took no action until February 22, 1983. The court allowed the action to continue upon the attorney's promise that he would serve the defendants, and the attorney, five weeks later, requested and received appointment of a process server. *Porter*, 743 F.2d at 272. The court found that there was a clear record of delay and that the district court had imposed a lesser sanction before dismissing the case with prejudice. Id. With respect to the Sealed Appellant case, the court emphasized that the plaintiff had missed the 120-day deadline by "almost 600 days." 452 F.3d at 419.

*Gillespie* involved a denial of extension in time to respond to a summary judgment motion. There this court found that The magistrate judge did not abuse his

discretion by refusing to grant Gillespie's motion for a retroactive extension of time to respond to the casino's summary judgment motion. The case was decided on the merits of the motion and not by default.

Additionally, courts must give a "clear record of delay and aggravating factors," which were missing here, the district court never held a show cause hearing on the delay of service, never warned dismissal with prejudice would result, and never considered lesser sanctions all required under Fifth Circuit precedent. *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015). *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (holding that the Fifth Circuit affirms dismissals with prejudice only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile"). Lesser sanctions include: "assessments of fines, costs, or damages against the plaintiff, . . . conditional dismissal, dismissal without prejudice, and explicit warnings. *Thrasher*, 709 F.3d at 514 (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982). *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985); *Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may

"'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo,* 709 F.3d 509, 514 (5th Cir. 2013))). A dismissal with prejudice is improper unless the case history evidences both "(1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice." A petitioner's delay meriting a Rule 41(b) dismissal with prejudice "must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." A party's negligence does not make conduct contumacious; rather, "it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Haynes v. Turner Bass & Assocs.,* No. 20-40787, 2022 U.S. App. LEXIS 18359, 2022 WL 2383855, at *1 (5th Cir. July 1, 2022) (per curiam) (quoting *McNeal v. Papasan,* 842 F.2d 787, 790, 791 (5th Cir. 1988).

### *Crawford Adequately Pleaded a Denial of Medical Care in Violation of the Fourteenth Amendment Against Harris County.*

The United States Supreme Court has rejected a heightened pleading requirement for section 1983 suits against municipalities. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* U.S. , 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). The Supreme Court emphasized that, under the notice pleading system set up by the federal rules, a section 1983 complaint against a municipality need only include a short plain statement of the claim showing that the pleader is entitled to relief. *Id.* at

, 113 S. Ct. at 1162. The plaintiffs' complaint clearly meets this standard. *Ashe v. Corley,* 992 F.2d 540, 545 (5th Cir. 1993). Courts also may not apply a heightened pleading standard to Monell claims, *Ratliff v. Aransas Cty., Tex.*, 948 F.3d 281, 284 (5th Cir. 2020), which do not require the plaintiff to plead "specific facts that prove the existence of a policy." *Schaefer v. Whitted,* 121 F. Supp. 3d 701, 718 (W.D. Tex. 2015). Because such claims are raised prior to having access to discovery, a municipal liability claim satisfies federal pleading standards where it alleges at least some further detail, such as "the specific topic of the challenged policy or training inadequacy" that caused the injury. *Sanchez v. Young County, Tex.*, 956 F.3d 785, 793-94 (5th Cir. 2020); "[T]he specific identity of the policymaker is a legal question that need not be pled' in the complaint to survive a motion to dismiss." *Balle v. Nueces County, Texas,* 690 Fed. App'x. 847, 852 (5th Cir. 2017) (citing and quoting *Groden v. City of Dallas*, 826 F.3d 280, 284 (5th Cir. 2016)).

To state a claim under the Fourteenth Amendment for denial of medical care, a pretrial detainee must show that a jail official acted with deliberate indifference to a serious medical need. *Dyer v. Houston,* 964 F.3d 374, 380 (5th Cir. 2020). Crawford alleged he suffered maxillofacial trauma, orbital fractures, hemorrhaging, and temporary vision loss; upon entry to the jail, he submitted medical complaints that were ignored; no care was given for three days, despite visible injuries and repeated requests.

**30**

These are not legal conclusions, they are specific factual allegations that make out a plausible claim of constitutional deprivation.

Crawford Sufficiently Alleged a Monell Claim Against Harris County. Crawford alleged that Harris County had a long history of inadequate jail medical care, documented by the United States Department of Justice Civil Rights Division ("DOJ") from 2009 to 2019. This included examples of systemic failures to treat detainees with chronic and acute conditions. He also pleaded that the DOJ oversight continued until 2019, including the period of his detention; the same types of failures cited in the DOJ report occurred in his case: no assessment, treatment, or even basic pain relief; the policymakers, including Sheriff Gonzalez and Dr. Sundar, had notice of the unconstitutional practices. ROA.749-754. Crawford's complaint went beyond bare legal conclusions; it included: detailed injury descriptions; jail admission and denial-of-care timeline; DOJ's findings of systemic failures; the duties of Sundar and Gonzalez as policymakers. Dismissal before discovery, especially given these facts, was premature and contrary to precedent. *Johnson v. City of Shelby*, 574 U.S. 10 (2014) (per curiam).

The Fifth Circuit has recognized that patterns of similar violations and official inaction can support a Monell claim. *Peterson v. City of Fort Worth,* 588 F.3d 838, 850 (5th Cir. 2009). The pattern need not be identical to every detail, only sufficiently similar in nature and context to demonstrate notice and deliberate indifference.

Harris County Appellees label Crawford's Monell allegations as conclusory, but the complaint includes detailed references to: A failure to train officers in the use of non-lethal force.ROA.417–419; A 2009 Department of Justice memorandum and other public records indicating systemic deficiencies in Harris County's jail medical care system;ROA.456-460.  *Under Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993), municipal liability claims do not require heightened pleading. Crawford's complaint meets and exceeds the standard of plausibility required to survive dismissal.

### *The District Court's Dismissal of Claims Against the City of Baytown Was Based on a Misapplication of Pleading Standards*

Rule 8(a)(2), Federal Rules of Civil Procedure, requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A party may challenge the Court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1). Further, under *Twombly* and *Iqbal*, factual allegations must be taken as true unless no reasonable inference of liability arises. Crawford Adequately Alleged a Monell Claim Against the City of Baytown

As stated above, to state a Monell claim, a plaintiff must allege: (1) a policymaker; (2) an official policy or widespread practice; and (3) a constitutional violation caused by that policy. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.

2001). Crawford identified Chief Dougherty as a policymaker and pleaded a custom of excessive force tolerated and condoned by the department; repeated instances of unconstitutional conduct, including the fatal shooting of Pamela Turner, excessive force against numerous civilians, and prior misconduct by Officer Sims a failure to discipline or retrain despite known risks of harm.ROA.439. These allegations suffice under *Twombly* and *Iqbal*. *Grandstaff v. City of Borger*, 767 F.2d 161, 171 (5th Cir. 1985) (post-event conduct and acquiescence support Monell liability). Supreme Court has rejected a heightened pleading requirement for section 1983 suits against municipalities. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, U.S. , 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). The Supreme Court emphasized that, under the notice pleading system set up by the federal rules, a section 1983 complaint against a municipality need only include a short plain statement of the claim showing that the pleader is entitled to relief. *Id.* at , 113 S. Ct. at 1162. The plaintiffs' complaint clearly meets this standard. *Ashe v. Corley*, 992 F.2d 540, 545 (5th Cir. 1993). Further, the history of excessive force and unconstitutional conduct within the Baytown Police Department and ratification of use of force, as evidenced by lack of discipline or reform after repeated violations is alleged in the live complaint.ROA.1300-1306.

The district courts also misapplied the appropriate standard here. "A court *may not* apply a heightened pleading standard to Monell claims." *Ratliff v. Aransas Cty., Tex.*, 948 F.3d 281, 284 (5th Cir. 2020). Monell claims which do not require the plaintiff to

plead "specific facts that prove the existence of a policy." *Schaefer v. Whitted,* 121 F. Supp. 3d 701, 718 (W.D. Tex. 2015). Because such claims are raised prior to having access to discovery, a municipal liability claim satisfies federal pleading standards where it alleges at least some further detail, such as "the specific topic of the challenged policy or training inadequacy" that caused the injury. *Sanchez v. Young County, Tex.,* 956 F.3d 785, 793-94 (5th Cir. 2020).

"'[T]he specific identity of the policymaker is a legal question that need not be pled' in the complaint to survive a motion to dismiss." *Balle v. Nueces County, Texas,* 690 Fed. App'x. 847, 852 (5th Cir. 2017) (citing and quoting *Groden v. City of Dallas,* 826 F.3d 280, 284 (5th Cir. 2016)).

### *Plead Facts Established a Widespread Pattern of Deliberate Indifference.*

The complaint demonstrates a pattern of violations; it included at least five examples of excessive force or wrongful arrest within Baytown, involving multiple individuals over several years. Many of the same officers, specifically Sims, Serratt and Brown were implicated in prior misconduct *Peterson v. City of Fort Worth,* 588 F.3d 838, 850 (5th Cir. 2009) (Monell liability can be established by showing a persistent pattern of similar incidents). The district court erred in dismissing Crawford's allegations as isolated or conclusory. His claims were specific, tied to known actors, and set forth with context and detail. ROA.417-460. In *Bond,* this Court held, "At the Rule 12(b)(6) stage, nothing more is required. contained allegations of twenty-three specific prior

incidents. As discussed *supra*, at this stage, Bond's proposed third amended complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quotation omitted). Although Bond may be required to provide more detail regarding the alleged incidents to prove that a pattern exists after she has had the benefit of discovery, that question is not before us today. Accordingly, we determine that she stated a plausible claim that a municipal policy or custom was the moving force behind the alleged constitutional violations that led to Tami's death and conclude that the district court's denying leave to amend based on futility was an error." *Bond v. Nueces Cty.*, No. 20-40050, 2022 U.S. App. LEXIS 27460, at *14-15 (5th Cir. Sep. 30, 2022)

### *Baytown's Failure to Train and Supervise Supports Liability*

The Fifth Circuit has held that failure to train can establish municipal liability where it amounts to deliberate indifference. *Brown v. Bryan Cty.*, 219 F.3d 450, 462 (5th Cir. 2000). Crawford pleaded that Officer Sims lacked use-of-force training at the time of the incident; Baytown failed to retrain officers after earlier misconduct; Officers remained employed without discipline after serious use-of-force complaints. These facts, taken as true, establish deliberate indifference. ROA.439.

### *Leave to Amend Should have Been Granted under 15(a)(2)*

Federal Rule of Civil Procedure 15(a)(2) mandates that leave to amend be granted freely when justice so requires. Plaintiff's request was timely and presented no prejudice to Defendants. The amendment merely reasserted claims already part of the record and corrected deficiencies caused by delays not attributable to Plaintiff.

In *Salas v. City of Galena Park*[1] The Fifth Circuit reversed a denial of leave to amend, emphasizing that justice favored preserving valid claims. The same principle applies here. Plaintiff's claims were well-founded, and the refusal to allow amendment undermined the purpose of procedural rules.

Here leave to amend under 15(a)(2) was denied due to the failure to include a certificate of conference, although the conference did occur prior to filing and only needed the certificate to be supplemented. The motion to reconsider the amended complaint under 15(a)(2) should not have been denied since the required conference occurred prior to the deadline to amend. ROA.364. The higher standard under rule

---

[1]Ironically, *Salas v. City of Galena Park* involved the same district court and counsel as the present matter. Similarly, in *Allen v. Hays*, Nos. 19-20360 and 21-20337, following this Court's reversal in *Allen v. Hays, City of Houston, et al.,* where this court recognized the district court's actions were "fundamentally unfair." After which the district court adopted an increasingly rigid posture towards counsel, exhibiting minimal tolerance for procedural missteps and offering little discretionary leeway. Ordering disclosures never requested by appellees and for an unreasonable period that caused the case to be unreasonably delayed. (Plaintiff Kedric Crawford must: (a) list, for the *last 20 years*, the identity of all doctors visited, the reason for the visit, and when and where the visit was; (b) furnish a color photograph of his face currently and from the year before the incident; (c) furnish the prescription for the bottle from the incident; and (d) furnish the phone records from the time of the incident of…his mother's phone[non-party].) ROA.216,

16 should not have been applied and this appeal would likely not have been necessary.

This case has continued relatively smoothly with Teddy Sims since the stay was lifted at the conclusion of the criminal cases of Shane Dunlap, Former Officer Samuel Serrett, and Former Officer Teddy Sims. The case is currently bifurcated and a summary judgment is pending on the issue of qualified immunity for Former Officer Teddy Sims and discovery has been limited to the issue of qualified immunity related to Former Officer Teddy Sims. ROA.1526-1665. Therefore, should the case continue with the other defendants on remand, there has not been any significant discovery conducted other than the issue of qualified immunity related to former officer Teddy Sims.

## **CONCLUSION**

Appellant Kedric Crawford respectfully requests that this Court reverse the district court's dismissals that are effectively a dismissal with prejudice against Appellee's, City Of Baytown, Chief Keith Dougherty, Samuel A. Serrett, Nathaniel Brown, Alyssa Mcdaniel, Shane Michael Dunlap, Sgt. Ivan Martinez, Bryce Perkins, Brett Rasch, Harris County, Dr. Laxman Sundar, and Sheriff Ed Gonzalez, and remand for further proceedings. The lower court erred by imposing the harshest possible sanction without evidence of willful misconduct or prejudice. Plaintiff

diligently pursued service and sought appropriate relief. The district court's dismissal was both procedurally and substantively flawed. The service delay, if any, was minimal, curable, and non-prejudicial. The refusal to grant a brief extension ignored the controlling standards under *Pioneer* and *Millan*, and the Rule 12(b)(6) dismissals improperly assessed the factual content of the complaint. Appellant respectfully requests that this Court reverse the district court's judgment and remand for further proceedings on the merits.

SUBMITTED BY:
S/U. A. Lewis
Lewis Law Group, P.L.L.C.
P.O. Box 27353
Houston, TX 77227

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2025, an electronic copy of the foregoing Appellants' brief was filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and the appellate CM/ECF system will accomplish that service.

**s/ U.A. Lewis**

**U.A. Lewis**

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of FED. R. APP. P. -*FRAP 27(d)(2)(A)* because, including the parts of the document exempted by FED. R. APP. P. 32(f): this document contains 6479 words and has been prepared in a proportionally spaced typeface using Google Docs in Garamond 14-point font.

**s/ U.A. Lewis**

**U.A. Lewis** 15